UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SAVILLS INC. <br><br>         Plaintiff, <br><br>    v. <br><br> DOUG JAMIESON; NOHM, INC.; and DOES NOS. 1-50, <br><br>         Defendants. | Case No. 1:25-cv-09943-DEH <br><br> Hon. Dale E. Ho |

## **PROTECTIVE ORDER**

WHEREAS, on or about November 26, 2025, Plaintiff Savills Inc. ("Plaintiff") commenced this lawsuit against defendants Doug Jamieson and NOHM, Inc. (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties") through the filing of the Complaint (ECF 1).

WHEREAS, in connection with this action, the Parties intend to pursue certain discovery related to the subject matter of the underlying dispute.

WHEREAS, said discovery may involve the disclosure of documents and other information one or more of the Parties may consider to be confidential and/or proprietary in nature or otherwise deserving of protection from disclosure to third parties.

WHEREAS, the Parties have agreed to take those steps necessary to preserve the confidential and/or proprietary nature of the information disclosed either during the course of discovery or in connection with this action and, for good cause shown,

IT IS on this 17th day of December, 2025 ordered that:

1.   As used herein, unless otherwise specified, the term "Producing Party" means the Party, or person other than a Party, being asked to produce, or asserting a

SMRH:4932-5069-6057       -1-

confidentiality interest in, information designated by that Party or person as Confidential Information.

2.    As used herein, unless otherwise specified, the term "Receiving Party" means the Party receiving or requesting production of Confidential Information or Attorneys' Eyes Only Information.

3.    As used herein, unless otherwise specified, the term "Confidential Information" means any information, document, or thing, or portion of any document or thing that a Producing Party reasonably asserts: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third parties; or (d) which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

4.    As used herein, unless otherwise specified, the term "Attorneys' Eyes Only Information" means any information, document, or thing, or portion of any document or thing that a Producing Party reasonably asserts contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party.

5.    As used herein, unless otherwise specified, the term "Litigation Documents" means all briefs, affidavits, submissions and related papers, all documents produced or exchanged in the course of this action or any settlement negotiations and all transcripts of testimony given in depositions or at hearings or trial in this action.

6.    As used herein, unless otherwise specified, the term "Termination" means the final resolution of this matter.

7. All matter designated as Confidential Information shall be used solely for the purposes of this action, including through the service and filing of Litigation Documents, and shall not, directly or indirectly, in whole or in part, be revealed, disclosed or otherwise made available for inspection or copying, except to:

(a) the Court and court personnel;

(b) a court reporter transcribing any deposition or hearing in this action;

(c) the Receiving Party, counsel for any Party and the support staffs of such counsel (including lawyers, law clerks, legal assistants, secretaries and clerks) assisting with this action;

(d) outside photocopying, data processing or graphic production services engaged by the Receiving Party or counsel for the Receiving Party;

(e) those outside experts with whom counsel for the Receiving Party believes he or she needs to consult for purposes of this action or retains;

(f) deposition or trial witnesses or persons contacted by a Party based on a good faith belief that such persons may become witnesses at depositions or hearings in this action, to the extent reasonably necessary in connection with their potential testimony or in preparation for same; and

(g) the Parties.

8. No Confidential Information may be revealed or disclosed, directly or indirectly, in whole or in part, to any individual described in paragraphs 6 (b), (d), (e), or (f) above until that individual is given a copy of this Protective Order and first signed in duplicate an undertaking in the form attached as Exhibit 1, which undertaking shall be retained by counsel of record for the Receiving Party.

9. No person other than the individuals described in paragraph 6 (b), (d), (e),

or (f), above who shall have previously executed the appropriate undertaking, shall be permitted to attend any deposition during the disclosure of Confidential Information unless otherwise agreed to by the Parties.  The Parties reserve the right to request that the Court limit the presence of persons other than the individuals described in paragraph 6 (a), (b), (c), (e), (f), and (g), during the disclosure of Confidential Information at a trial or hearing.

10.     Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the Receiving Party and to such other persons as counsel for the Producing Party agrees in advance or as Ordered by the Court.

11.     Confidential Information contained in a document or thing shall be designated specifically by marking the document or thing or confidential portion thereof, respectively, as "CONFIDENTIAL."

12.     Attorneys' Eyes Only Information contained in a document or thing shall be designated specifically by marking the document or thing or confidential portion thereof, respectively, as "ATTORNEYS' EYES ONLY."

13.     Documents containing Confidential Information or Attorneys' Eyes Only Information that a Producing Party inadvertently failed to designate may be appropriately designated at any time after production by appropriate written notice to the Receiving Party's counsel, but the Receiving Party shall not be in violation of this Protective Order for any disclosures of such Confidential Information or Attorneys' Eyes Only Information made prior to such notice, which would have been authorized by this Protective Order but for the subsequent designation by notice.

14.     Information disclosed at any deposition (including any deposition preceding the entry of this Protective Order of a Producing Party or one of its or its affiliates'

present or former officers, directors, employees, consultants or agents, or of an independent expert duly retained by a Party for purposes of this action) may be designated by the Producing Party as Confidential Information or Attorneys' Eyes Only Information by indicating on the record at the deposition that the specified part of the testimony (including the entire testimony given or to be given by a witness) and/or all or any part of any document or thing marked for identification is Confidential Information or Attorneys' Eyes Only Information subject to the provisions of this Protective Order. The Producing Party may specifically designate information contained in the transcript as Confidential Information or Attorneys' Eyes Only Information, whether or not previously so designated, by notifying all Parties in writing of the specific pages and lines of the transcript that contain such information. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

15. The Receiving Party shall not be obligated to challenge the propriety of a Confidential Information or Attorneys' Eyes Only Information designation at the time made and its failure to do so at that time shall not operate as a waiver of its right to request that the Court determine the propriety of the designation or in any way preclude a subsequent challenge to such designation; failure to challenge the propriety of a Confidential Information or Attorneys' Eyes Only Information designation shall not be admissible as evidence as to the merits of whether such information is or is not confidential, proprietary or a trade secret.

16. In the event a Party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information or Attorneys' Eyes Only Information, the Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Receiving Party may seek appropriate relief from the Court.

17.    The terms of this Protective Order shall not entitle a Receiving Party to itself determine whether it is free to use or disclose Confidential Information or Attorneys' Eyes Only Information other than in accordance with this Protective Order.  Any relief from the provisions of this Protective Order, if not procured by the written agreement of the Producing Party, shall be sought from the Court consistent with the standards identified above.

18.    This Protective Order shall not be construed as a waiver by the Parties of any objection that might be raised as to the admissibility of any evidentiary material.  This Protective Order does not preclude any person from opposing the production of any information on any proper ground (including privilege grounds).

19.    A Party wishing to submit Litigation Documents to the Court that contain or refer to Confidential Information or Attorneys' Eyes Only Information shall comply with the individual practices of the Local Rules of this Court regarding placing such documents under seal.  The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an Order and/or Decision by the Court.

20.    Except as filed with the Court in accordance with the Court's Order, all documents and things designated as Confidential Information or Attorneys' Eyes Only Information shall be maintained at all times in the custody of individuals expressly authorized to receive them under this Protective Order.

21.    The original and all copies of all documents and things produced to a Receiving Party or given to any other person pursuant to this Confidentiality Order, designated as containing Confidential Information or Attorneys' Eyes Only Information, shall be destroyed

within 45 days after Termination of this action, at the election of the Producing Party; provided, however, that such destruction obligation shall be limited to electronic copies reasonably accessible to the Receiving Party and not to, for example, backup copies.  The Receiving Party shall instruct all parties in receipt of confidential documents of their obligation to destroy such documents.

22.    Insofar as the provisions of this Protective Order restrict the use or communication of any document or information produced hereunder, this Protective Order shall continue to be binding after Termination and the Court shall retain jurisdiction of all persons and Parties bound by this Protective Order for the purposes of its enforcement.

23.    No documents that are in the public domain or which are already available to the Receiving Party through proper means or which are or become available to a Party from a source, other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Information or Attorneys' Eyes Only Information under this Protective Order.

24.    Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with the Federal Rules of Civil Procedure.

25.    Whenever a Party or its agents, employees, experts or attorneys is requested, pursuant to a subpoena or a request for production of documents or things or other legal process, to disclose to persons or entities not parties to this action any Confidential Information, including any transcripts, documents, things or testimony, prior to responding thereto, such Party shall within a reasonable amount of time notify the other Party of the existence and terms of such request.

26.     This Protective Order may be modified in whole, or in part, by order of the Court entered <u>sua</u> <u>sponte</u>, upon consent of the Parties, or upon consideration of the motion by one or more of the Parties or the person or entity seeking modification.

December 17, 2025

_____
United States District Judge

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SAVILLS INC.<br><br>Plaintiff,<br><br>v.<br><br>DOUG JAMIESON; NOHM, INC.; and DOES NOS. 1-50,<br><br>Defendants. | Case No. 1:25-mc-00535 |

**PROTECTIVE ORDER**

I hereby certify that I have been given and have read a copy of the Protective Order filed in this action, and I understand and agree that I will be bound thereby with respect to any Confidential Information or Attorneys' Eyes Only Information to which I may be given access and will maintain any such information in strict and absolute confidence.

_____
Signature

_____
Print Name

_____
Address

SMRH:4932-5069-6057                                -9-