UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAVILLS INC.

                    Plaintiff,

          v.

DOUG JAMIESON; NOHM, INC.; and DOES
NOS. 1-50,

                    Defendants.

Case No. 1:25-cv-09943-DEH

## ORDER ENTERING FORENSIC PROTOCOL

The above-captioned action having come before the Court filed by Plaintiff Savills Inc. ("Savills" or "Plaintiff") against Defendants Doug Jamieson ("Jamieson"), and NOHM Inc. ("NOHM") (collectively, "Defendants"); and Jamieson, through his counsel, having offered to participate voluntarily in an agreed forensic process to search for, preserve, and sequester in the custody of a forensic neutral any copies of Savills' Electronically Stored Information ("Plaintiff's ESI") containing Savills' Confidential and Trade Secret information, if any, that Defendants used, transmitted, disclosed, or remained in the possession, custody or control of Jamieson (including any of his computing devices, drives, networks, platforms, storage services, and accounts) during and following the termination of his employment with Savills, that is alleged by Savills to have possibly been used or disclosed by Jamieson, including to develop/build NOHM; and counsel for the Parties having conferred and reached agreement upon the process to be employed, therefore it is hereby ordered as follows:

1.      **INDEPENDENT EXPERT**.  The Parties have conferred and have agreed to use Ignatius Grande of Berkeley Research Group, LLC ("BRG") to serve as the independent forensic expert in this matter (the "Independent Expert").  The Independent Expert shall be made aware of the pendency of this Civil Action and shall agree to be bound by the terms of this Protocol, and

that regardless of the fact that Savills will be responsible for paying the Independent Expert's services (subject to its ability to seek recovery of its costs in Section 17 below), the Independent Expert shall be responsible to all Parties equally.

2.    **CONFIDENTIALITY**.   The Independent Expert will at all times treat the information from Jamieson, including devices, images, reports, documents and materials, including the Independent Expert's notes and analysis as highly confidential. The Independent Expert will limit the access to Jamieson's information to those of his staff who are working on the Independent Expert's responsibilities and obligations under this Forensic Protocol.

3.    **DEVICES AND ACCOUNTS**.  Within three (3) business days of the execution of this Forensic Protocol, Defendant shall identify, without making any alterations to, all computing devices, mobile devices, electronic devices, drives ("Defendant Devices") and any networks, platforms, storing services, e-mail accounts, cloud accounts, and artificial intelligence ("AI") accounts ("Defendant Accounts") in Jamieson's possession, custody, or control that contain any information relating to Plaintiff Savills Inc. used or accessed after March 1, 2025, or relating to Defendant NOHM, Inc. (collectively the "Devices and Accounts").  Within five (5) business days of such identification, Defendant shall provide the Independent Expert with access to the Devices and Accounts pursuant to the terms of this Forensic Protocol.  Such cloud accounts will include, but are not limited to, Google, Slack, Notion, HubSpot, Fiverr, Figma, Ren, and Carta, to the extent such accounts exist, are within Jamieson's possession, custody, or control, and contain any information relating to Plaintiff Savills Inc. used or accessed after March 1, 2025 or relating to Defendant NOHM, Inc.  Such AI accounts will include, but are not limited to, ChatGPT, Grok, Otter, Perplexity, and Claude, to the extent such accounts exist, are within Jamieson's possession, custody, or control, and contain any information relating to Plaintiff Savills Inc. or Defendant NOHM, Inc.  The remainder of this Protocol shall apply to those devices and accounts used on or after March 1, 2025 ("2025 Devices and Accounts" or separately "2025 Devices" or "2025 Accounts"), and for those 2025 Devices and Accounts, the Independent Expert shall have access as described below.  Should this Forensic Protocol produce evidence making data predating the

scope of this Forensic Protocol relevant to Jamieson's use or disclosure of Savills trade secrets in connection with NOHM or another Savills competing entity, Savills may elect to circulate the basis for its concern, together with the documentary support for its concern, to the Parties, who shall then meet and confer regarding the targeted additional forensic work on data preceding the March 1, 2025 date limitation herein, and Defendant's consent for such request from Savills shall not be unreasonably withheld. Savills reserves the right to seek recovery of its reasonable attorneys' fees and costs in connection with any motion practice to seek discovery preceding the March 1, 2025 date limitation herein, and Defendants reserve the right to oppose such a request.

4.    **FORENSIC INSPECTION**.  The Independent Expert shall make forensic images or equivalent copies of the 2025 Devices and Accounts including all of the log data and metadata associated with them or stored within them, and will also run data recovery software and/or use data recovery tools (including any that the Independent Expert deems necessary or appropriate to complete the inspections) to retrieve deleted or archived information, if any, from the Devices and Accounts including all of the log data and metadata associated with them or stored within them. Any recoverable data deleted after March 1, 2025 will be included in the images or copies and will be governed by this Protocol.  In addition, data which is recovered for which a deletion date is not able to be determined, will be included in the images or copies and will be governed by this Protocol. Upon completion of the forensic imaging and acquisition process, the Independent Expert will perform subsequent analysis activities, as described below, at the Independent Expert's offices, on the forensic images and copies of the acquired 2025 Devices and Accounts. The forensic imaging of the Devices shall be completed within five (5) business days of the Independent Expert's receipt of the Devices.

5.    To the extent that the 2025 Devices and Accounts include email accounts, cloud-based email accounts, cloud-based storage accounts, AI-based email accounts, or AI-based storage accounts, or any other email account, the Independent Expert will communicate with counsel for Defendants to facilitate the collection process in the least disruptive way possible and will notify counsel for Defendants immediately after the collection so that security credentials may be

modified as appropriate.  The Independent Expert shall notify Savills' counsel when the collection of data from the Accounts is scheduled, and when it has been completed.  Among other things, the Independent Expert may require usernames and passwords or other similar information to facilitate access to such accounts.  Email and communications to be collected from the 2025 Devices and Accounts, such as texts or chats, shall be limited in time to those occurring after March 1, 2025. Standalone files, records, and other data files saved on any of the 2025 Devices and Accounts shall be limited in time for collection and searching purposes to files created, modified, or accessed after March 1, 2025.  The collection of data from the Accounts shall be completed by the Independent Expert within ten (10) business days of Defendant providing Independent Expert with access to the Accounts.

6.  **DEVICE AND ACCOUNT REPORTS**.

a.  **DEVICE REPORTS**: The Independent Expert shall generate the following forensic reports (or their relevant equivalents) on the 2025 Devices, including for the log data or metadata associated with them or stored within them pertaining to a creation or deletion date after March 1, 2025: (a) Timeline Report; (b) USB Registry Report; (c) LNK File Analysis; (d) Jump List Analysis; (e) Shellbag Analysis; (f) Log Analysis; (g) an analysis listing all of the existing and deleted user created files and records after March 1, 2025; and (h) and any other analyses or reports the Independent Expert deems necessary or relevant for purposes of determining the extent to which any of Defendant's Devices contain or may have at any time contained any information relating to Savills or Savills' confidential business data and trade secrets, including information that Jamieson obtained during his employment with Savills, or for the purposes of determining any efforts to delete or obfuscate the location of Savills' information.

b.  **ACCOUNT REPORTS:** In addition, for the 2025 Accounts, the Independent Expert shall review any logs that are available which it deems necessary or relevant for purposes of determining the extent to which any of Defendant's Devices and Accounts

contain or may have at any time contained any information relating to Savills or Savills' confidential business data and trade secrets, including information that Jamieson obtained during his employment with Savills, or for the purposes of determining any efforts to delete or obfuscate the location of Savills' information.

The Independent Expert shall generate any relevant reporting, including any potentially relevant logs noted above in Section 6(a).  Such reports or logs will only include user access data after March 1, 2025 and shall only include information on data created, edited, accessed or deleted after March 1, 2025.

Separately, the Independent Expert will collect reports showing access log data, security portal data, and any other information showing access to any online account belonging to Jamieson since October 1, 2025, including but not limited to information showing the date and time of access, associated IP addresses, device information, and the like.

7.      The Independent Expert shall provide the reports noted in Paragraph 6 initially to Jamieson's counsel by secure file transfer within ten (10) business days of collection of the 2025 Devices and Accounts, and will also provide an inventory of all 2025 Devices and Accounts to counsel for both Parties. Jamieson's counsel shall have five (5) business days to review the reports for any privileged or private material before they are provided to Savills' counsel.  In the event Jamieson's counsel identifies any privileged or private material, the reports shall be redacted accordingly by Jamieson's counsel.

8.      The Forensic Reports described in Paragraph 6 shall be provisionally designated as ATTORNEYS' EYES ONLY under the Parties' stipulated protective order (ECF 43) (the "Protective Order"), a copy of which has been provided to the Independent Expert and may only be viewed by the Parties' outside legal counsel and experts.  The Independent Expert shall provide such finalized forensic reports to the designated counsel for each party promptly after such reports have been generated and subsequently reviewed/redacted by Jamieson's counsel.  After review,

counsel for the parties may agree to further redaction of such forensic reports if necessary and/or may further meet and confer regarding the ATTORNEYS' EYES ONLY designation as appropriate. Jamieson's counsel may show the forensic reports to Jamieson but shall not provide him with copies.

9.    **APPLICATION OF SEARCH TERMS TO FILES**: In addition to the forensic reports described above in Section 6, the Independent Expert shall perform searches of the 2025 Devices and Accounts using the Search Terms in Exhibit 1 as a starting point. Before finalizing and implementing such search terms, the Independent Expert will run a hit report using Search Terms in Exhibit 1, and will share that report with the Parties within ten (10) business days after completing the forensic imaging and data collection process from the Devices and Accounts. This hit report will show the number of documents hitting on each of the search terms.

The Parties will meet and confer within five (5) business days of receipt of the hit report to discuss the revising of the search terms as appropriate. Within three (3) business days after the meet and confer, the Parties shall provide an updated list of agreed upon search terms to the Independent Expert. The Independent Expert is authorized to make necessary modifications to the search terms as required for the various software tools that will be utilized in order to ensure that the search results match those that would result from the use of the standard Boolean operators associated with the terms in Exhibit 1.[1] A list of modifications will be provided to the Parties' counsel. Search terms will be applied to email and communications sent or received after March 1, 2025, and other data files created, accessed, or transmitted after March 1, 2025. The Independent Expert shall not consider a file accessed if the resulting log information is generated by an automatic function of the device rather than from user intentional access.

---

[1] Different data sources may require the use of different software tools (*e.g.*, phone vs. computer vs. cloud), each tool uses a different indexing and search engine (*e.g.*, DT search vs. Lucene, etc.) and accordingly require use of different search methods (*e.g.* Grep, Regex, Plain, etc.).

a. The Independent Expert shall prepare a list in Excel format ("Search Hit List") of the resulting files and records from such search, including identifying available metadata related to the same.

i. Such metadata for email and communications shall include, to the extent it exists, sent date/time, to, from, cc, bcc, subject line and attachment file name(s).

ii. For non-email data, the Independent Expert shall prepare a search hit list of the resulting files identifying the following, if any:

1. Name;

2. Extension;

3. Size;

4. Path;

5. Hash value;

6. Creation date and time;

7. Last modification date and time;

8. Last access date and time.

10. **PRIVILEGED OR PERSONALLY PRIVATE DOCUMENTS**. Once the final list of Search Terms described above in Paragraph 9 have been finalized, Jamieson's counsel will have one (1) business day to provide the Independent Expert a list of privilege/privacy search terms ("Priv Terms") that the Independent Expert will apply to the documents that hit on the final set of search terms as detailed in Paragraph 9. These Priv Terms will be applied in anticipation of speeding up the privilege review, to identify potentially privileged or personal private information, and any documents, files, or records containing these search terms will be treated as presumptively privileged or personally private and will not be delivered to Savills' counsel. The Priv Terms shall not include any of the search terms set forth in Exhibit 1 hereto, or any of the names contained in Jamieson's interrogatory responses served on January 20, 2026. Personally private information

shall be limited to personal tax, medical, insurance, identification, financial, or private, non-business information unrelated to Savills or NOHM.

Initially, the Independent Expert will provide a hit report to Jamieson's counsel, showing the number of documents hitting on the Priv Terms and Jamieson's counsel will have one (1) business day to further revise and finalize the Priv Terms.

Once the Priv Terms have been finalized, the Independent Expert shall provide a listing of the presumptively privileged or personally private files and records in an Excel spreadsheet format (through the same method set forth in Paragraph 7) and the corresponding files and records to counsel for Jamieson only, within seven (7) business days of receiving the finalized list of Priv Terms. Counsel for Jamieson will review the listing for privileged or private materials within five (5) business days, and shall provide appropriate redactions if the listing reveals any privileged or private material before the file listing is provided to Savills' counsel. Counsel for Jamieson will review the presumptively privileged or personally private files and records, and if any presumptively privileged or personally private files and records contains Savills' information, counsel for Jamieson shall notify the Independent Expert within seven (7) business days of receipt of the files and records, and those files shall be removed from the production to Savills (as described in Paragraph 11), and instead will be redacted by Jamieson's counsel. The Parties shall meet and confer as needed if the volume of identified files exceeds 500 files and Jamieson's counsel requests additional time to conduct the privacy/privilege review, and Savills' counsel shall not unreasonably withhold consent to additional time.

After Jamieson's counsel notifies the Independent Expert of the privileged and personal data to be excluded from production, the Independent Expert will provide Savills' counsel access to the remaining files and records, that hit on the Priv Terms but were not redacted or withheld, in accordance with this Protocol. However, should the document contain Savills' confidential and trade secret information **and** privileged or personally private information, the document will be provided to Savills' counsel with any personally private information redacted, and Jamieson's counsel will provide the Independent Expert (with a copy to Savills' counsel, with redactions on

Savills' copy as appropriate) with a file listing of those documents containing both privileged or personally private information and Savills confidential or trade secret information. To the extent privileged or personally private material is not captured as "presumptively privileged" or "presumptively private", or otherwise produced under the Protocol, production of such material shall not constitute a waiver of privilege or personal right of privacy, and upon identification, such material must be returned pursuant to the provisions of the Protective Order. Within fifteen (15) business days of the completion of the items set forth in this Paragraph 10, Jamieson's counsel shall provide to Savills' counsel a log identifying all files withheld on the basis of privilege or personal privacy pursuant to Fed. R. Civ. P. 26(b)(5)(A)(ii).

Should Jamieson have a good faith basis to require additional time to review the materials for privileged or private information, or to produce the Search Hit List to Savills' counsel, or the redacted materials, the Parties shall confer and notify the Independent Expert accordingly. Should a meet and confer not be successful, or should Jamieson need additional time, he may petition the Court for additional time to complete the review of such documents. However, before any such petition is made, Jamieson shall first seek the consent of Savills for additional time, which consent shall not be unreasonably withheld. While such motion is pending, any deadline in this Protocol will be tolled.

If Savills' counsel disagrees with Jamieson's counsel's objections to the production of specific documents or information, the Parties will meet and confer as necessary to attempt to resolve the issue. If the Parties cannot resolve the issue, the disputed issue may be presented to the assigned Magistrate Judge for adjudication.

11.     **PRODUCTION**. Within seven (7) business days after Jamieson's privilege and personal information review and resulting production, the Independent Expert shall provide access on Relativity to the data that hit on the agreed upon search terms simultaneously to all Parties (excluding the presumptively privileged or personally private files and records discussed in Paragraph 10 above). Should one of the Parties request an export of the files to host on a separate

platform, the data shall be made available on a secure FTP transfer site set up by the Independent Expert.

The produced data shall include the following items: (a) all native files and records listed on the Hit List, and (b) an Excel spreadsheet listing the name, source (2025 Devices and/or Accounts associated with the files and records), and all available metadata associated with the files and records on the Hit List, including file names. The items produced under Paragraphs 9, 10, and 11 shall be designated ATTORNEYS' EYES ONLY under the Protective Order. Notwithstanding the foregoing, Jamieson shall be entitled to review any items provided by the Independent Expert as part of the privilege/privacy review set forth in Paragraph 10 above.

12. **SAVILLS REVIEW**. Savills' counsel will review the files and records delivered by the Independent Expert and, within seven (7) business days after having been provided access to the files and records, will provide a list of files and records ("Savills Files and Records") to counsel for Jamieson that Savills' counsel believe should be permanently deleted from the Devices and Accounts in accordance with Paragraph 14 below.

13. **RELATIVITY.** If the Parties agree, the documents will be loaded to Relativity to expedite the steps set forth above and the Independent Expert will set up segregated coding panels as requested by the Parties.

14. **REMEDIATION.** The Parties will confer in good faith about the Savills Files and Records that should be removed from the Devices and Accounts. If the Parties cannot reach an agreement on whether the Savills Files and Records should be removed, the Parties will request a conference with the Court to discuss the Savills Files and Records. Once an agreement is reached or a court order is entered, the Independent Expert will then locate the Savills Files and Records on the Devices and Accounts and will then permanently delete such Savills Files and Records from the Devices and Accounts within thirty (30) calendar days. Alternatively, should Jamieson's counsel confirm that one or more of the devices can be forensically wiped clean, the Independent Counsel shall wipe such device(s) before they are returned to Jamieson. Following this remediation, the Independent Expert will then provide the Parties' counsel with a certification that

-10-

the removal is complete.  Jamieson anticipates agreeing to wipe the Devices, and the Parties will meet and confer as to the remediation process at that time.  Once the remediation is complete, the devices shall be returned to Jamieson with no restrictions on use.

15. **DUPLICATION**.  The Independent Expert will make hash-authenticated working and archival copies of the images of the Devices and copies of the Accounts for safe-keeping for 3 years, which shall not be accessed without further Order of this Court.  However, if this action proceeds to a Rule 16 conference or other discovery, the Independent Expert shall provide Jamieson's counsel with copies of all images for use in discovery.  The Parties may meet and confer if additional time for safe-keeping by the Independent Expert is necessary. The Independent Expert will treat all privileged or personal non-business material as confidential and not subject to production to Savills, its counsel, or any other person or entity other than Jamieson and his counsel, subject to further agreement by the Parties or Order by the Court.

16. **TRIAL ADMISSABILITY.** Notwithstanding the production of any information or documents herein, the Parties do not stipulate to its admissibility at any hearing or trial.

17. **COSTS**.  Savills shall cover the costs and fees associated with the Independent Expert's work called for by the Protocol, but Savills does not waive and reserves the right to seek recovery of all or a portion of the Independent Expert's costs and fees through this Civil Action, and Defendants do not waive opposing shifting the costs to either or both defendants in the Civil Action.

18. **PRIVILEGE AND CONFIDENTIALITY**.  Nothing in this Protocol shall waive the attorney-client privilege, work product doctrine, or any other privileges or protections afforded by the applicable rules of civil procedure, the applicable rules of evidence, or any existing or yet-to-be entered into Protective Order in this case or any other federal, state or arbitration proceeding regardless of the circumstances of the document(s) production.

19. **RESERVATION OF RIGHTS**.  Savills reserves all rights with regard to the subject matter hereof, specifically including petitioning the Court to expand the scope of the Protocol if necessary.

Dated:   February 6, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Kazim A. Naqvi*
   Kazim A. Naqvi
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  (424) 288-5336
E-mail: knaqvi@sheppardmullin.com

(*Admitted Pro Hac Vice*)

*Attorneys for Plaintiff Savills Inc.*


FOX ROTHSCHILD LLP

By /s/ *Peter C. Buckley*

2001 Market Street, Suite 1700
Philadelphia, PA 19103-322
E-mail: pbuckley@foxrothschild.com

*Attorneys for Defendant NOHM, Inc.*


SILLS CUMMIS & GROSS P.C.

By /s/ *Jordan E. Pace*

101 Park Avenue, 28th Floor
New York, NY 10178
E-mail: pprezioso@sillscummis.com

*Attorneys for Defendant Doug Jamieson*


IT IS SO ORDERED.


Dated: February 17, 2026

_____
Dale E. Ho
United States District Judge
New York, New York

-12-

**EXHIBIT 1– SEARCH TERMS**

1.  Savills*

2.  K3

3.  K^3

4.  KC

5.  "Knowledge Cubed"

6.  Cubed

7.  ███████

8.  ███

9.  ███████

10. █████████

11. ████████

12. ██████

13. █████████

14. "Actionable Triggers"

15. "Trigger Events"

16. "Nugget!"

17. "three-legged stool"

18. "data enriching"

19. Halo*

20. Figma

21. ██████

22. ██████████████

23. ███

24. ████

25. ████

26. TIM **[limited to acronym only and not words containing "tim" string]**

27. CREtech and ("NOHM" or "Savills" or "Jamieson" or "McGrath" or "Ayers")

28. "Launch Code"

29. "Lease Expiration"

30. "Tenant Moves"

31. "90 days to launch"

32. HubSpot

33. Notion

34. Chatter

35. Julien*

36. "untitled spreadsheet"

37. "users by market"

38. Fiverr

39. "contract intelligence"